IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

KINGSLEY TOLOKE, SR.,

Plaintiff,

v.

CITY AND COUNTY OF HONOLULU, DEPARTMENT OF PLANNING AND PERMITTING, *et al.*,

Defendants.

Case No. 26-cv-00354-DKW-WRP

**ORDER (1) DENYING PLAINTIFF’S MOTION TO SEVER, (2) GRANTING PLAINTIFF’S MOTION FOR PARTIAL SUMMARY JUDGMENT, (3) DENYING AS MOOT PLAINTIFF’S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, AND (4) DIRECTING PARTIES TO SETTLEMENT CONFERENCE**

## INTRODUCTION

This litigation involves a long-running dispute between Plaintiff Kingsley Toloke, Sr. (Toloke) and, among other Defendants, the City & County of Honolulu (City) and its Department of Planning and Permitting (DPP), over Toloke’s alleged activities on his real property located in Waianae, O’ahu, Hawai‘i. Toloke describes his work as “collecting and selling surface rocks”, upon which the City has imposed fines through various Notices of Order.

After Defendants removed the litigation from State court, Toloke, proceeding without counsel, moved for various forms of relief related to his own claims and to Defendants’ affirmative defenses and counterclaims. First, Toloke

moved to sever Counts V and VI of the First Amended Complaint (FAC), arguing that, as State law claims, severance was either "mandatory" or, alternatively, appropriate in the exercise of this Court's discretion. Dkt. No. 9. Second, Toloke moved for summary judgment with respect to Defendants' sixth, seventh, and eighth affirmative defenses, all of which pertain to "immunity" in some fashion. Dkt. No. 19. Third, Toloke moved for judgment on the pleadings with respect to Defendants' second Counterclaim to the extent Defendants sought relief with respect to "time-barred" Notices of Order and/or fines imposed "without prior notice". Dkt. No. 23.

After briefing on the motion for summary judgment, the parties appear to agree that "there is nothing left to decide", as Toloke put it, because Toloke does not seek to assert the individual capacity claims to which the targeted affirmative defenses may have been directed. Therefore, the Court GRANTS the motion for partial summary judgment, Dkt. No. 19, solely to the extent that Defendants shall not be permitted to assert the sixth, seventh, or eighth affirmative defenses in their Answer because Toloke is not asserting and will not be permitted to assert individual capacity claims in this case.

As for the remaining motions, Defendants oppose both severance and judgment on the pleadings. Upon review, the Court finds that neither severance

nor judgment on the pleadings is warranted. First, severance is unwarranted because the Court clearly has supplemental jurisdiction over Toloke's State law claims, and there is no cause for the Court to decline exercising the same. Second, while the Court acknowledges that Toloke is proceeding without counsel, the motion for partial judgment on the pleadings is directed toward Defendants' original counterclaims which, in the words of the Ninth Circuit, are "non-existent", given that Defendants amended the same. Therefore, while the arguments in said motion may apply with some similar force to the amended counterclaims, the motion is moot. Therefore, for the reasons set forth more fully below, the motion to sever, Dkt. No. 9, is DENIED, and the motion for partial judgment on the pleadings, Dkt. No. 23, is DENIED WITHOUT PREJUDICE AS MOOT. Finally, upon review of the record, the Court finds this matter to be appropriate for a settlement conference before the assigned U.S. Magistrate Judge in an effort to facilitate early resolution prior to any further motion practice.

## BACKGROUND

On June 12, 2026, in the First Circuit Court for the State of Hawai'i, Toloke filed a Complaint against the City, DPP, and Dawn Apuna, in her official capacity as the Director of DPP (collectively, Defendants), asserting claims under both Federal and State law. Dkt. No. 1-2. On July 8, 2026, citing 28 U.S.C. Section

1441(c), Defendants removed the Complaint, asserting that the Court has "original jurisdiction over claims" in the Complaint. Dkt. No. 1 at 2.

On July 10, 2026, Toloke filed an Amended Complaint against Defendants (Dkt. No. 5), alleging as follows: Toloke is a "fee-simple landowner[]" of approximately 16 acres near Wai'anae, O'ahu (the Property) on which he "operates a business of collecting and selling surface rocks". *Id.* at ¶¶ 5, 13. Toloke and DPP disagree as to whether this activity requires a permit, at least to the extent that Toloke believes his operation constitutes "surface rock collection that does not alter the existing grade of the land." *Id.* at ¶¶ 13-14.

DPP has opened six "Notice of Order enforcement files", resulting in the recordation of "five administrative liens" on the Property and the assessment of total civil fines exceeding $2 million. *Id.* at ¶¶ 15-16, 20. According to Toloke, he received "inadequate notice" of Notices of Violation and Notices of Order related to his use of the Property. *Id.* at ¶ 22. As a result, "he was deprived of a meaningful opportunity to contest the underlying violations and the amounts assessed." *Id.* Toloke has also been told by DPP that he will not be able to register vehicles or renew his driver's license until outstanding fines are paid. *Id.* at ¶ 21. Toloke further alleges that "other similarly situated property owners in

the Waiʻanae area" have received "substantially more favorable treatment from DPP." *Id*. at ¶ 25.

Based upon these and other allegations, Toloke asserts six causes of action in the Amended Complaint. First, an equal protection claim under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. Section 1983. Second, a procedural due process claim under the Fourteenth Amendment and Section 1983. Third, a substantive due process claim under the Fourteenth Amendment and Section 1983. Fourth, an excessive fines claim under the Eighth Amendment of the U.S. Constitution. Fifth, a claim under Hawaiʻi Revised Statutes (HRS) Chapter 91 for arbitrary and capricious agency action. Sixth, a claim for declaratory relief under 28 U.S.C. Section 2201 and HRS Section 632-1.

Concurrently with the filing of the Amended Complaint, Toloke filed a motion to sever and remand State law claims, specifically, Counts V and VI of the Amended Complaint (motion to sever). Dkt. No. 9. Toloke argues that, because Defendants invoked Section 1441(c) in removing this action, and because Counts V and VI were "outside" this Court's original jurisdiction, remanding these counts is "mandatory". *Id*. at 3-4. Alternatively, Toloke argues that this Court should decline to exercise supplemental jurisdiction over Counts V and VI. *Id*. at 4-5.

Defendants oppose the motion to sever. Dkt. No. 25. Toloke has filed a reply. Dkt. No. 31.

On July 24, 2026, Defendants filed both an Answer to the Amended Complaint and Counterclaims against Toloke. Dkt. Nos. 16 & 16-1. In their Answer, *inter alia*, Defendants assert defenses of "good faith" (Sixth Defense), "sovereign immunity, qualified immunity, and applicable common law immunity doctrines[]" (Seventh Defense), and immunity of an "employer" should its employee be found immune from liability (Eighth Defense). Dkt. No. 16 at 10.

On July 29, 2026, Toloke moved for summary judgment with respect to the Sixth, Seventh, and Eighth Defenses. Dkt. No. 19. Toloke argues that, for various reasons, these defenses are unavailable to Defendants, including because this is an "official-capacity suit", with "no individual-capacity defendant…." *Id.* at 4-5. In response, Defendants assert that they "do not oppose the [motion for summary judgment] to the extent that the Court agrees that there are (as Plaintiff claims) no individual capacity claims asserted" in the Amended Complaint. Dkt. No. 26 at 3. In reply, Toloke confirmed that "[t]here are no[]" individual capacity claims asserted in the Amended Complaint. Dkt. No. 32 at 2. In this light, resolution of the motion for summary judgment is straightforward. The motion is GRANTED to the extent that Defendants shall not be entitled to assert the Sixth,

Seventh, and Eighth Defenses because Toloke is not asserting and will not be permitted to assert individual capacity claims in this case.[1]

On August 13, 2026, Defendants filed Amended Counterclaims against Toloke. Dkt. No. 22. In their Amended Counterclaims, Defendants allege as follows: DPP has issued numerous Notices of Violation and Notices of Order to Toloke for performing "grading" on the Property without a permit. *Id*. at ¶ 24. More specifically, Toloke has "excavated or filled more than 50 cubic yard[s] of earth material" on the Property. *Id*. at ¶ 23. DPP's enforcement actions, though, have not caused Toloke to "stop the practice of grading on the Property without a grading permit." *Id*. at ¶ 25.

From 2017 to 2024, DPP issued the following Notices of Order. On February 13 2018, DPP issued and hand-delivered to Toloke Notice of Order No. 2017/NOO-334 (NOO-334). *Id*. at ¶¶ 36-37. NOO-334 imposed a fine of $600 and "daily fines" of $600 beginning on March 16, 2018. *Id*. at ¶ 38. NOO-334 informed Toloke that he had 30 days to file an appeal, but Toloke did not do so. *Id*. at ¶ 39. Unpaid fines under NOO-334 exceed $1.8 million. *Id*. at ¶¶ 41, 67.

On June 18, 2019, DPP issued Toloke Notice of Order No. 2018/NOO-456 (NOO-456). *Id*. at ¶ 44. NOO-456 imposed a fine of $100. Although

[1]If Toloke adds individual capacity claims, Defendants will be permitted to amend their operative Answer to assert relevant defenses.

Defendants allege that NOO-456 was served on Toloke in May 2018, *i.e.*, more than a year before it was issued, Toloke is alleged to have "corrected the violation…", albeit without having paid the $100 fine. *Id.* at ¶¶ 44, 46.

On April 23, 2020, DPP issued Toloke Notice of Order No. 2019/NOO-392 (NOO-392). *Id.* at ¶ 49. NOO-392 imposed a fine of $200 as well as a "daily fine" of $200 starting on April 28, 2020, even though it was not "served" on Toloke until May 15, 2020. *Id.* at ¶¶ 49-50. Toloke was informed of his right to appeal within 30 days, but he did not file one. *Id.* at ¶ 51. Unpaid fines under NOO-392 exceed $62,000. *Id.* at ¶ 53.

Also on April 23, 2020, DPP issued Toloke Notice of Order No. 2019/NOO-393 (NOO-393). *Id.* at ¶ 56. NOO-393 imposed a fine of $500 and "daily fines" of $500 starting on May 27, 2020. *Id.* at ¶ 58. On May 15, 2020, Toloke was "served" NOO-393 by certified mail and informed of his right to appeal within 30 days, which he did not pursue. *Id.* at ¶¶ 57, 59. Unpaid fines under NOO-393 exceed $1.125 million. *Id.* at ¶¶ 60, 67.

On December 3, 2024, DPP issued Toloke Notice of Order No. 2024/NOO-0712 (NOO-712). *Id.* at ¶ 63. NOO-712 imposed a fine of $50 and "daily fines" of $50 starting on January 3, 2025. *Id.* at ¶ 64. On December 9, 2024, Toloke was "served" NOO-712 by certified mail and informed of his right to appeal within

30 days, which he did not do. *Id*. at ¶¶ 64-65. Unpaid fines under NOO-712 exceed $27,000. *Id*. at ¶¶ 66-67.

In addition to doing work on the Property without a "grading" permit, Defendants further allege that Toloke has built structures on the Property without a "building" permit. In that regard, Defendants allege that, before February 16, 2018, Toloke "relocated" a "wooden structure" on the Property without a building permit. *Id*. at ¶ 84. Because Toloke did not stop this work or obtain a building permit, on April 18, 2018, DPP issued Notice of Order No. 2018/NOO-080 (NOO-080). *Id*. at ¶ 86. NOO-080 imposed a fine of $150 and a fine of $150 "per day" starting on May 22, 2018. *Id*. at ¶ 87. On May 3, 2018, Toloke "received service" of NOO-080 by certified mail and was informed of his right to appeal within 30 days, which he did not do. *Id*. at ¶¶ 86, 88. Unpaid fines under NOO-080 exceed $449,000. *Id*. at ¶¶ 89, 101.

Further, in October 2018, DPP approved a building permit Toloke submitted to construct a "retaining CRM wall" on the Property. *Id*. at ¶ 76. Although Toloke constructed the retaining wall, he "did not construct the wall consist[ent] with the approved section details for the wall[]" as set forth in his permit and did not obtain approval to deviate from the approved plans. *Id*. at ¶ 78. After Toloke failed to "correct" this violation, DPP issued Notice of Order No. 2020/NOO-244

(NOO-244). *Id*. at ¶ 81.[2] NOO-244 imposed an "initial" fine of $300 and "daily fines" of $300 beginning on June 19, 2021, even though it was not "served" on Toloke by certified mail until June 26, 2021. *Id*. at ¶ 96. NOO-244 informed Toloke of his right to appeal within 30 days, but he did not file one. Fines under NOO-244 exceed $553,000. *Id*.[3]

Based upon these allegations, Defendants assert two counterclaims for declaratory and injunctive relief (Counts I and III) related, respectively, to the alleged "grading" and "building"-permit violations, and two counterclaims for a "money judgment" (Counts II and IV) related to enforcement of the Notices of Order described above.

On August 18, 2026, Toloke moved for partial judgment on the pleadings with respect to the *July 24, 2026* Counterclaims. Dkt. No. 23. First, Toloke argues that Defendants' claims for recovery of fines are subject to a six-year statute of limitations. Dkt. No. 23-1 at 7.[4] As a result, Toloke asserts that claims based upon NOO-334 and NOO-456 are barred in their entirety because they accrued,

---

[2]Unlike the Notices of Order described earlier, Defendants do not allege when NOO-244 was issued. *See* Dkt. No. 22 at ¶ 81.
[3]Unlike the Notices of Order described earlier, Defendants do not appear to allege whether Toloke has paid (or not) any fines under NOO-244. *See* Dkt. No. 22 at ¶ 96.
[4]In citing Toloke's memorandum in support of the motion for partial judgment on the pleadings, Dkt. No. 23-1, the Court cites to the page numbers in the bottom right-hand corner of the same, *i.e.*, "Page 7".

respectively in 2018 and 2019, which was more than six years before the filing of the Counterclaims. *Id*. at 7-8. Toloke also asserts that "eighty-seven (87) days of accruals under NOO-393" are barred because they accrued before July 24, 2020, six years prior to Defendants' Counterclaims. *Id*. at 9. Second, Toloke argues that due process bars any recovery of fines that accrued before he was served with any underlying Notice of Order because this constituted a "deprivation without prior notice." *Id*. at 9-10. Toloke asserts that, as a result, roughly $10,600 in fines imposed under NOO-393 and NOO-244 should be denied. *Id*. at 10. Toloke also asserts that service of NOO-456 was a "chronological impossibility" because, as alleged, it occurred 13 months before issuance of the same. *Id*.

On September 3, 2026, Defendants filed an opposition to the motion for partial judgment on the pleadings. Dkt. No. 28. First, Defendants argue that the motion for partial judgment on the pleadings is moot because it is directed at the non-operative July 24, 2026 Counterclaims, which had been superseded prior to Toloke's motion by the August 13, 2026 Amended Counterclaims. *Id*. at 8-9. Second, Defendants argue that their claims are not subject to any statute of limitations because they are "claims in equity" that seek "non-monetary relief". *Id*. at 10-12. Third, Defendants argue that Toloke cannot assert a defense of "laches" because he "does not assert the defense" and because he has "unclean

hands." *Id*. at 13-14. Fourth, Defendants argue that, even if a statute of limitations applies, no claim has even begun to accrue under HRS Section 46-1.5(24)(D). *Id*. at 15-16. Fifth, Defendants argue that, even if a statute of limitations applies, the same should be "tolled under the continuing tort doctrine." *Id*. at 16-17. Sixth, Defendants argue that the appropriate statute of limitations is 20 years, rather than 6 years, because the "action most like [Defendants'] claims for fines is an action to recover possession of any lands, or make any entry thereon." *Id*. at 18-20 (quotation marks omitted). Seventh, Defendants argue that they have "immunity" from any statute of limitations because, in seeking enforcement of civil fines, they are engaged in a "public function." *Id*. at 21-22. Eighth, Defendants argue that, if a six-year statute of limitations applies, fines imposed within the limitations period should not be barred. *Id*. at 24. Ninth, Defendants argue that due process was not violated because Toloke had a right to appeal any Notice of Order. *Id*. at 22-23. Finally, Defendants argue that, should Toloke prevail in any respect, they should be granted leave to amend their counterclaims. *Id*. at 24.

On September 4, 2026, Toloke filed a reply in support of the motion for partial judgment on the pleadings. Dkt. No. 30. This Order now follows.

## STANDARDS OF REVIEW

### 1. Motion to Sever

Section 1441(a) provides that a defendant may remove any civil action over which this Court has original jurisdiction, 28 U.S.C. § 1441(a), which includes any action, like this one, arising under the Constitution or laws of the United States, *id.* § 1331. Meanwhile, Section 1441(c) provides that, if a civil action includes a claim under the Constitution or laws of the United States *and* a claim not within the original *or supplemental* jurisdiction of this Court, in most circumstances, the entire action may be removed. *Id.* § 1441(c)(1). However, when such an action is removed, this Court "shall sever from the action all claims" not within the original or supplemental jurisdiction of the Court and remand those claims to State court. *Id.* § 1441(c)(2).

A federal court has "supplemental" jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…." 28 U.S.C. § 1367(a). State law claims are part of the same case or controversy when they "derive from a common nucleus of operative fact[]" such that a party would "ordinarily be expected to try them all in one judicial proceeding…." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

A federal court may decline to exercise supplemental jurisdiction, when, among other things, a claim raises a novel or complex issue of State law. 28 U.S.C. § 1367(c)(1).[5] In exercising its discretion to retain or decline supplemental jurisdiction, a district court is "informed" by the "values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quotation omitted).

**2. <u>Motion for Partial Judgment on the Pleadings</u>**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed…a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion is "functionally identical" to that governing a Rule 12(b)(6) motion. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Iqbal*, "[t]o survive a motion to dismiss, a complaint must

[5]Here, Toloke does not rely upon any of the other circumstances in which declining to exercise supplemental jurisdiction may be appropriate. *See* Dkt. No. 9 at 4. The Court, therefore, does not address them herein.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

## DISCUSSION

Two of Toloke's motions remain for decision. The Court begins with his motion to sever, followed by the motion for partial judgment on the pleadings.

### 1. Motion to Sever

Toloke argues that his State law claims must be severed and remanded because *original* jurisdiction does not exist over those claims and because Defendants cited Section 1441(c) in their notice of removal. *See* Dkt. No. 9 at 3; Dkt. No. 31 at 4-5. Toloke's arguments are misplaced. This Court has original jurisdiction over Toloke's federal claims and *supplemental* jurisdiction over his State claims. Toloke's Amended Complaint alleges as much. Dkt. No. 5 at ¶ 2. Therefore, Section 1441(c)(2), which is the only basis for Toloke's request for mandatory removal, cannot apply here. *See* 28 U.S.C. § 1441(c)(2) (referencing

Section 1441(1)(B), which involves "a claim *not* within the original or supplemental jurisdiction of the district court") (emphasis added). Here, all claims are within the Court's original or supplemental jurisdiction. Therefore, the fact that Defendants cited Section 1441(c), as opposed to Section 1441(a), is beside the point.

This leaves the real issue raised by the motion to sever: whether the Court should, in its discretion, decline to exercise supplemental jurisdiction. Upon review, the Court finds no reason to decline supplemental jurisdiction when, as is the case presently, all Federal claims remain. In particular, review of the Amended Complaint reflects that the State law claims are intertwined with the Federal claims to a degree that addressing the latter while discarding the former would lead to a waste of judicial resources, whether State or Federal, with no accompanying reason for doing so, such as the complexity or novelty of any State issue presented. The motion to sever, Dkt. No. 9, is, therefore, DENIED.

**2. Motion for Partial Judgment on the Pleadings**

To recount, Toloke argues that he is entitled to judgment with respect to certain of Defendants' claims on the grounds that they are untimely and violate due process. In response, Defendants present a catalogue of reasons for why their claims should not be considered untimely and also assert that due process was not

violated. At this juncture, the Court need fully address just one of Defendants' arguments: that the motion is moot because it is directed at a superseded version of their counterclaims. For the reasons discussed further below, the Court agrees.

When it comes to the amendment of pleadings, the Ninth Circuit has been very clear as to the effect of the same on a dispositive motion directed toward an earlier version. The motion should be "deemed moot". *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). This is because the earlier pleading is treated as "non-existent", "no longer perform[ing] any function…." *Id.* (quotations omitted). The Court has found, and Toloke points to, no relevant exception to this clear instruction, at least not in the precedent of the Ninth Circuit Court of Appeals.[6] Therefore, because the motion for partial judgment on the pleadings is directed toward a non-existent pleading—Defendants' July 2026 counterclaims, rather than the operative August 2026 counterclaims—Toloke's motion is moot and denied as such. Because denial is based upon a procedural quirk, however, it is without prejudice. *See* Fed.R.Civ.P. 12(c) (providing that a

[6]Instead, Toloke cites language from a treatise. *See* Dkt. No. 30 at 6 (citing 6 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1476 (3d ed. 1998)). Whatever the persuasive force of the same, however, this Court is bound by the precedent of the Ninth Circuit, not the treatise. Toloke also states that "*Ramirez* held that a court may not *grant* a motion directed to a pleading that has ceased to exist – not that a movant must start over whenever an opponent amends." *Id.* (emphasis in original). However, the former—granting a motion directed at an amended pleading—is *precisely* what Toloke asks the Court to do: grant his motion for partial judgment on the pleadings, even though it expressly targets Defendants' original, superseded Counterclaims.

motion for judgment on the pleadings may be filed after the close of the pleadings "but early enough not to delay trial").

## 3. Early Settlement

Upon review of the record, the Court finds that an early settlement conference before the assigned Magistrate Judge is appropriate. In particular, the nature of Toloke's alleged activities on the Property, Defendants' sought after "money judgment" for civil fines, and the length of the parties' dispute, suggest that a settlement conference would be beneficial here before any further motions practice takes place.[7] The parties are, therefore, directed to settlement with the Magistrate Judge. No further motions, including any potential motion(s) under Rule 12 or Rule 56, may be filed until the Magistrate Judge reports that the settlement process has run its course.

## CONCLUSION

As explained above, the motion to sever, Dkt. No. 9, is DENIED, the motion for partial summary judgment, Dkt. No. 19, is GRANTED, and the motion for

---

[7]While no definitive rulings are necessary, the Court offers the following observations with respect to certain issues raised in the parties' briefing to facilitate the settlement conference process: (1) Defendants clearly seek "monetary relief" in their Amended Counterclaims, (2) HRS Section 46-1.5(24)(D) does not appear to apply, given that Toloke is not even alleged to have initiated "an appeal", let alone "complet[ed]" one, (3) no case law appears to support the propositions that Toloke's alleged conduct amounts to "continuing torts" or that Defendants are entitled to the protection afforded by HRS Section 657-1.5, and (4) this case is not remotely "analogous" to "foreclosure" or "an action to recover possession of any lands, or make any entry thereon."

partial judgment on the pleadings, Dkt. No. 23, is DENIED WITHOUT PREJUDICE as moot. The parties are directed to an early settlement conference before the assigned Magistrate Judge.

IT IS SO ORDERED.

Dated: October 26, 2026 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

*Kingsley Toloke, Sr v. City and County of Honolulu, et al;* Civil No. 26-00354 DKW-WRP **ORDER (1) DENYING PLAINTIFF'S MOTION TO SEVER, (2) GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS, AND (4) DIRECTING PARTIES TO SETTLEMENT CONFERENCE**